**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| Simple Design Ltd., a British Virgin Islands limited company; Astral IP Enterprise Ltd., a Canadian limited company; and Hangzhou InShot Tech Co., Ltd., a Chinese limited company,<br><br>Plaintiffs/Appellants,<br><br>v.<br><br>Cucufish Tech Co., Limited, a Hong Kong limited company,<br><br>Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiffs/Appellants, Simple Design Ltd. ("Simple Design"), Astral IP Enterprise Ltd. ("Astral") and Hangzhou InShot Tech Co., Ltd. ("InShot") alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

**NATURE OF THE ACTION**

1. This is an appeal from the decision of the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office ("TTAB") under 15 U.S.C. § 1071(b) and 37 CFR § 2.145, and a civil action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and/or Virginia statutory and common law. Simple Design seeks reversal of the TTAB decision in *Simple Design Ltd. v. Cucufish Tech Co., Limited*, Opposition No. 91268332 (TTAB January 20, 2023) dismissing Simple Design's opposition against Defendant Cucufish Tech Co., Limited ("Defendant")'s application for the mark  ("Defendant's Mark") and denying Simple Design's Request for Reconsideration (TTAB June 2, 2023). Astral IP and InShot join Simple Design as Plaintiffs in this matter as parties in interest

regarding the potential registration of Defendant's Mark and equitable and monetary relief from Defendant's infringement of Plaintiffs' trademark rights in Trademark Registration Nos. 6180377 for [mark], 6193926 for [mark], 6066895 for [mark], and 6062747 for [mark], all of which are for downloadable mobile applications for downloading various videos, images, and other digital content (collectively, "Plaintiffs' Marks").

2. Defendant filed Application Serial No. 90126696 under Section 1(a) of the Lanham Act for the mark [mark] for downloadable mobile applications for downloading and saving videos, images, and other digital content and has offered and promoted these products in the United States. Given the similarities between the marks (as applied to the same goods), consumers are likely to confuse Defendant's Mark with Plaintiffs' Marks, or to mistakenly believe that Plaintiffs created, approved, or licensed Defendant's mobile application. For this reason, Defendant's application for Defendant's Mark also conflicts with Plaintiffs' rights under 15 U.S.C. § 1052(d), and the TTAB Decision should thus be reversed and registration to Defendant be refused.

**PARTIES AND JURISDICTION**

3. Plaintiff/Appellant Simple Design is a British Virgin Islands limited company with an address at Vistra Corporate Services Centre, Wickhams Cay II, Road Town, Tortola, British Virgin Islands VG1110.

4. Plaintiff Astral is a Canadian limited company with an address at Suite 1510, 800 West Pender Street Vancouver, BC Canada V6C2V6.

5. Plaintiff InShot is a Chinese limited company with an address at 11/F, Building 4, Huanglong International Center, No. 77 Academy Rd., Xihu Dist., Hangzhou, Zhejiang, China 310000.

6. Defendant Cucufish Tech Co., Limited is a Hong Kong limited company with

an address at Unit D, 16/F, One Capital Place, 18 Luard Road, Wan Chai, Hong Kong.

7. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1121 and 1071(b)(1).

8. This action is also brought under, and subject matter jurisdiction of this matter is vested in this Court through, 28 U.S.C. § 1331 (Federal Question Jurisdiction) and 1338 (action arising under an Act of Congress relating to trademarks and copyrights). This action is also brought under the trademark laws of the United States, U.S. Trademark Act of 1946, as amended, (15 U.S.C. § 1051 *et seq*.), and Federal Unfair Competition under Section 43 of the Lanham Act (15 U.S.C. § 1125).

9. The Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367(a) because they are substantially related to its federal claims and arise out of the same case or controversy.

10. As Defendant resides in a foreign country, this Court has personal jurisdiction over Defendant under 15 U.S.C. § 1071(b)(4).

11. In addition to being subject to this Court's jurisdiction under 15 U.S.C. § 1071(b)(4), venue also lies in this District pursuant to 28 U.S.C. § 1391(c)(3) because Defendant is not a resident of the United States and may be sued in any judicial district.

**PLAINTIFFS AND PLAINTIFFS' TRADEMARKS**

12. Simple Design has been in the business of providing downloadable mobile applications since at least as early as 2012.

13. Simple Design has grown to be one of the most internationally recognized and well-known providers of downloadable mobile applications and has numerous products available relating to downloading, playing, recording, editing, and sharing of videos and other content.

14. Simple Design was the original applicant and owner of Registration Nos. 6193926 for  and 6066895 for  and assigned the Registrations to InShot.

15. InShot is the owner of Registration No. 6180377 for  .

16. InShot granted Simple Design an unrecorded, nonexclusive license to use and enforce Registration Nos. 6193926, 6066895, and 6180377.

17. InShot later assigned Registration No. 6066895 for  to Astral.

18. Astral honored, acknowledged, and continued the unrecorded, nonexclusive license to Simple Design to use and enforce Registration No. 6066895 and granted InShot the same nonexclusive license.

19. Simple Design was the original applicant and owner of Registration No. 6062747 for  and assigned the Registration to Astral.

20. Astral granted Simple Design an unrecorded, nonexclusive license to use and enforce Registration No. 6062747.

21. Plaintiffs are cooperative companies that have agreed to work together to promote and strengthen their family of mobile applications for downloading and sharing videos, photographs, and other content.

22. Plaintiffs' Marks all provide downloadable mobile applications related to downloading, playing, recording, editing, and/or sharing of videos and/or photos within International Class 009.

23. Simple Design or InShot have continuously used Registration No. 6066895 for since approximately March of 2018.

24. Simple Design or InShot have continuously used Registration No. 6180377 for since approximately March of 2019.

25. Simple Design or Astral have continuously used Registration No. 6062747 for  since approximately March of 2019.

26. Simple Design, InShot, or Astral have continuously used Registration No. 6066895 for  since approximately February of 2020.

27. Consumers have come to recognize Plaintiffs' Marks as specifically being attributed to Plaintiffs relating to mobile applications for downloading videos, photographs, and other digital content.

28. Plaintiffs' Marks are all used in conjunction with downloadable mobile applications provided over the internet, specifically through the Google Play store.

29. Plaintiffs' mobile applications are free to download and are accessible to everyone with an Android phone.

30. Plaintiffs' target consumers are general Android phone users that are looking for a mobile application that can help them download videos, photographs, and other media content.

31. Plaintiffs' mobile applications have reached a wide audience and are highly popular.

32. Plaintiff's mobile application using Registration No. 6066895 has well over one hundred million (100,000,000) downloads, over one million seven hundred and fifty thousand (1,750,000) reviews, and still maintains an impressive 4.8-star rating as of July 26, 2023.

33. Of those hundreds of millions of downloads, a substantial number of them are from users in the United States.

34. Plaintiff's mobile application using Registration No. 6062747 has over fifty million (50,000,000) downloads, over three hundred thousand (300,000) reviews, and still maintains an impressive 4.6-star rating as of July 26, 2023.

35. Of those tens of millions of downloads, a substantial number of them are from

users in the United States.

36. Plaintiff's mobile application using Registration No. 6180377 also has over ten million (10,000,000), over eighty thousand (80,000) reviews, and still maintains a 4.6-star rating as of July 26, 2023.

37. Of those tens of millions of downloads, a substantial number of them are from users in the United States.

38. The success of Plaintiffs' mobile applications has caused numerous copycat developers that have attempted to use confusingly similar icons with similar mobile applications in order to benefit from Plaintiffs' hard-earned goodwill and reputation.

39. Plaintiffs continuously monitor the Google Play store, which is both time consuming and financially costly given the ease of creating infringing content and the number of developers that are willing to blatantly infringe on the intellectual property rights of others.

40. Plaintiffs have contacted infringing developers directly and have submitted numerous complaints through Google Play's internal intellectual property infringement notice system against icons Plaintiffs believe to be confusingly similar to Plaintiffs' Marks.

41. Plaintiffs have initiated federal lawsuits against non-compliant infringing developers in order to protect Plaintiffs' intellectual property rights.

42. Despite all of Plaintiffs' enforcement efforts, there are still developers that will try to take advantage of Google Play's relaxed policy towards developers submitting and changing icons.

43. Plaintiffs have spent significant time, effort, and money advertising, promoting, and building up their mobile applications using Plaintiffs' Marks to the highly successful mobile applications they are today.

**DEFENDANT'S WRONGFUL ACTIVITIES**

44. Defendant filed the application for Defendant's Mark on or about August 20, 2020 in International Class 009 for downloadable mobile applications for downloading and sharing videos and photos.

45. Defendant claims a first use date of August 14, 2020 for Defendant's Mark.

46. Defendant did not attempt to do a trademark clearance search prior to filing the application for Defendant's Mark.

47. Defendant's Mark is substantially similar to Plaintiffs' Marks in appearance and commercial impression.

48. Defendant's Mark was solely used on a downloadable mobile application for downloading and sharing videos and photographs.

49. All of Plaintiffs' Marks identify goods of downloadable mobile applications related to downloading, playing, recording, editing, and/or sharing of videos and/or photos within International Class 009 that directly overlap with Defendant's Mark.

50. Defendant's Mark travels through the identical trade channel as Plaintiffs' Marks, namely, the Google Play store.

51. Defendant's Mark is intended for identical consumers as Plaintiffs' Marks, namely, general U.S. Android smartphone users who download mobile applications from the Google Play store.

52. Defendant's mobile application is free to download and has no age or other restrictions for downloading the mobile application.

53. Plaintiffs have not provided Defendant with a license, consent, authorization, or any form of authority to use or apply for a trademark similar to Plaintiffs' Marks.

54. On January 20, 2023, the TTAB issued a final decision erroneously dismissing Simple Design's opposition against Defendant's Mark and on June 2, 2023 denied Simple Design's request for reconsideration.

55. Despite Defendant's clear knowledge of Plaintiffs' objections to Defendant's Mark, Defendant has used and intends to continue using Defendant's Mark in U.S. commerce.

56. Fully aware of Plaintiffs' rights, Defendant has acted knowingly, willfully, and in reckless disregard of those rights.

**INJURY TO PLAINTIFFS AND THE PUBLIC**

57. Defendant's Application Serial No. 90126696 for the mark [logo] conflicts with Plaintiffs' rights in Plaintiffs' Marks.

58. Defendant's use of Defendant's Mark in the United States is likely to cause confusion, mistake, and deception as to the source or origin of Defendant and/or its products, and is likely to falsely suggest a sponsorship, connection, or association between Defendant, its products, and/or its commercial activities with Plaintiffs and/or Plaintiffs' Marks or products.

59. Defendant's use of Defendant's Mark is intended to benefit from Plaintiffs' hard-earned reputation and goodwill that Plaintiffs built up for their family of mobile applications for downloading and sharing videos, photographs, and other content.

60. Defendant's acts, described above, are likely to damage and irreparably injure Plaintiffs and Plaintiffs' Marks.

61. Defendant's acts, described above, are likely to irreparably injure the public, who has an interest in being free from confusion, mistake, and deception.

62. The TTAB Decision is erroneous and should be reversed.

63. Defendant's Mark should be determined to be infringing of Plaintiffs' Marks and should be denied registration.

**FIRST CLAIM FOR RELIEF**
**Request for Judicial Review of the TTAB Decision Under**
**Section 21 of the Lanham Act, 15 U.S.C. § 1071(b)(1), and Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d) by all Plaintiffs**

64. Plaintiffs repeat and reallege each and every allegation set forth in Paragraph 1 through 63 of this Complaint.

65. The TTAB issued a final decision in *Simple Design Ltd. v. Cucufish Tech Co., Limited*, Opposition No. 91268332 (TTAB January 20, 2023) dismissing Simple Design's opposition.

66. The TTAB ruled that Simple Design could not claim priority and did not issue a likelihood of confusion analysis for any of the marks identified in the Opposition, specifically

Trademark Registration Nos. 6180377 for , 6193926 for , and 6066895 for .

67. All of Plaintiffs' interests in opposing Defendant's Mark align and Simple Design filed the Opposition with the consent and approval of InShot.

68. Simple Design filed a request for reconsideration arguing that InShot should have been joined, either through permissive joinder or required joinder.

69. Simple Design's request for reconsideration also challenged the TTAB's interpretation of Simple Design's witness testimony.

70. Plaintiffs respectfully request a *de novo* judicial review of the TTAB's decision that would require the joinder of the other Plaintiffs herein and a full likelihood of confusion analysis and determination.

71. The TTAB's decision is erroneous because InShot should have been required to be joined to the final determination of the Opposition. Alternatively, the TTAB should have permissively joined InShot in order to provide a full analysis on the merits of the likelihood of confusion issues rather than unnecessarily creating additional litigation that would involve the same marks, the same parties, and the same factual and legal questions.

72. The TTAB's decision also applied an erroneous interpretation of Simple Design's witness testimony and relied on that misinterpretation in part to deny Simple Design's priority claim.

73. The TTAB's decision should be reversed and vacated, and TTAB should be required to issue a full and complete ruling on the likelihood of confusion issues in the Opposition.

### SECOND CLAIM FOR RELIEF
**Trademark Infringement Under**
**Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1) by Plaintiff InShot**

74. InShot repeats and realleges each and every allegation set forth in Paragraphs

1through 73 of this Complaint.

75. InShot owns U.S. Trademark Registration Nos. 6180377 for  and .

6066895 for  ("InShot's Registrations").

76. InShot or its predecessor in interest have continuously used Registration No.

6180377 for  in U.S. commerce since approximately March of 2019.

77. InShot or its predecessor in interest have continuously used Registration No.

6066895 for  in U.S. commerce since approximately March of 2018.

78. Defendant's application for Defendant's Mark was filed on August 20, 2020 with a claimed first use date of August 14, 2020.

79. InShot's Registrations both have priority rights over Defendant's Mark.

80. By virtue of InShot's Registrations, Defendant had constructive notice of InShot's rights in InShot's Registrations.

81. Defendant had actual knowledge of InShot's rights in InShot's Registrations through the TTAB Opposition No. 91268332, which specifically identified InShot's Registrations with InShot's approval and authority.

82. Defendant uses a mark consisting of a prominent downward arrow in a box that is visually similar to InShot's Registrations.

83. Defendant's Mark provides a substantially similar commercial impression as InShot's Registrations that is likely to confuse consumers into believing InShot developed, produced, or approved the goods.

84. Defendant provides its goods to identical consumers as InShot's goods and uses the identical trade channel of the Google Play store to reach said consumers.

85. Defendant is using InShot's hard-earned reputation and goodwill to try to deceive consumers into downloading Defendant's mobile application at the expense of InShot.

86. Defendant's aforesaid acts have caused and will continue to cause InShot to suffer damages and irreparable injury, and unless such acts are restrained by this Court through preliminary and/or permanent injunctive relief, such acts will be continued, and InShot will continue to suffer damages and irreparable injury.

87. InShot is entitled to damages in accordance with 15 U.S.C. 1117(a) to recover Defendant's profits resulting from the infringement and actual damages sustained by InShot, both to be proven at trial, as well as costs of the case.

88. Defendant's willful, deliberate, and intentional infringement makes this case exceptional and entitles InShot to reasonable attorney's fees.

**THIRD CLAIM FOR RELIEF**
**False Designation of Origin and Unfair Competition Under**
**Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by Plaintiff InShot**

89. InShot repeats and realleges each and every allegation set forth in Paragraphs 1 through 88 of this Complaint.

90. Defendant engaged in unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a)(1) by falsely and in bad faith using a confusingly similar mark to InShot's Registrations and using identical goods and identical channels of trade as InShot's Registrations and mobile applications.

91. Defendant's use of the confusingly similar mark in commerce in connection with identical goods, namely, a video and photo downloader mobile application, is likely to cause confusion, cause mistake, and/or deceive consumers and the purchasing public as to an affiliation, connection, or association between InShot and Defendant and as to origin, sponsorship, or approval of Defendant's goods by InShot.

92. Defendant's use of the confusingly similar mark attempts to confuse and deceive consumers into downloading Defendant's mobile application when the consumers were in fact looking for InShot's mobile applications. Defendant is using InShot's hard-earned

reputation and goodwill to deceive consumers into downloading Defendant's mobile application, at the expense of InShot.

93. Defendant's aforesaid acts have caused and will continue to cause InShot to suffer damages and irreparable injury, and unless such acts are restrained by this Court through preliminary and/or permanent injunctive relief, such acts will be continued, and InShot will continue to suffer damages and irreparable injury.

94. InShot is entitled to damages in accordance with 15 U.S.C. 1117(a) to recover Defendant's profits resulting from the infringement and actual damages sustained by InShot, both to be proven at trial, as well as costs of the case.

95. Defendant's willful, deliberate, and intentional infringement makes this case exceptional and entitles InShot to reasonable attorney's fees.

**FOURTH CLAIM FOR RELIEF**
**Trademark Infringement Under**
**Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1) by Plaintiff Astral**

96. Astral repeats and realleges each and every allegation set forth in Paragraphs 1 through 95 of this Complaint.

97. Astral owns U.S. Trademark Registration Nos. 6062747 for  and .

6066895 for  ("Astral's Registrations").

98. Astral or its predecessor in interest have continuously used Registration No. 6062747 for  in U.S. commerce since approximately March of 2019.

99. Astral or its predecessors in interest have continuously used Registration No. 6066895 for  in U.S. commerce since approximately February of 2020.

100. Defendant's application for Defendant's Mark was filed on August 20, 2020 with a claimed first use date of August 14, 2020.

101. Astral's Registrations both have priority rights over Defendant's Mark.

102. By virtue of Astral's Registrations, Defendant had constructive notice of Astral's rights in Astral's Registrations.

103. Defendant had actual knowledge of Astral's rights in Astral's Registrations through the TTAB Opposition No. 91268332, which specifically identified Registration No. 6066895 for  which was included with the approval and authority of Astral's predecessors in interest at the time the TTAB Opposition was filed.

104. Defendant uses a mark consisting of a prominent downward arrow in a box that is visually similar to Astral's Registrations.

105. Defendant's Mark provides a substantially similar commercial impression as Astral's Registrations that is likely to confuse consumers into believing Astral developed, produced, or approved the goods.

106. Defendant provides its goods to identical consumers as Astral's goods and uses the identical trade channel of the Google Play store to reach said consumers.

107. Defendant is using Astral's hard-earned reputation and goodwill to try to deceive consumers into downloading Defendant's mobile application at the expense of Astral.

108. Defendant's aforesaid acts have caused and will continue to cause Astral to suffer damages and irreparable injury, and unless such acts are restrained by this Court through preliminary and/or permanent injunctive relief, such acts will be continued, and Astral will continue to suffer damages and irreparable injury.

109. Astral is entitled to damages in accordance with 15 U.S.C. 1117(a) to recover Defendant's profits resulting from the infringement and actual damages sustained by Astral, both to be proven at trial, as well as costs of the case.

110. Defendant's willful, deliberate, and intentional infringement makes this case exceptional and entitles Astral to reasonable attorney's fees.

**FIFTH CLAIM FOR RELIEF**
**False Designation of Origin and Unfair Competition Under**

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by Plaintiff Astral

111. Astral repeats and realleges each and every allegation set forth in Paragraphs 1 through 110 of this Complaint.

112. Defendant engaged in unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a)(1) by falsely and in bad faith using a confusingly similar mark to Astral's Registrations and using identical goods and identical channels of trade as Astral's Registrations and mobile applications.

113. Defendant's use of the confusingly similar mark in commerce in connection with identical goods, namely, a video and photo downloader mobile application, is likely to cause confusion, cause mistake, and/or deceive consumers and the purchasing public as to an affiliation, connection, or association between Astral and Defendant and as to origin, sponsorship, or approval of Defendant's goods by Astral.

114. Defendant's use of the confusingly similar mark attempts to confuse and deceive consumers into downloading Defendant's mobile application when the consumers were in fact looking for Astral's mobile applications. Defendant is using Astral's hard-earned reputation and goodwill to deceive consumers into downloading Defendant's mobile application, at the expense of Astral.

115. Defendant's aforesaid acts have caused and will continue to cause Astral to suffer damages and irreparable injury, and unless such acts are restrained by this Court through preliminary and/or permanent injunctive relief, such acts will be continued, and Astral will continue to suffer damages and irreparable injury.

116. Astral is entitled to damages in accordance with 15 U.S.C. 1117(a) to recover Defendant's profits resulting from the infringement and actual damages sustained by Astral, both to be proven at trial, as well as costs of the case.

117. Defendant's willful, deliberate, and intentional infringement makes this case exceptional and entitles Astral to reasonable attorney's fees.

**SIXTH CLAIM FOR RELIEF**
**Trademark Infringement Under**

**Virginia Trademark and Service Mark Act, Virginia Code § 59.1-92.12 by Plaintiffs InShot and Astral**

118. InShot and Astral repeat and reallege each and every allegation set forth in Paragraphs 1 through 117 of this Complaint.

119. InShot and Astral are the owners of Plaintiffs' Marks.

120. Defendant's prior and intended future use of Defendant's Mark is likely to cause consumer confusion, mistake, or deception as to the source or origin of Defendant's video downloader mobile application with InShot and Astral.

121. No Plaintiffs have provided Defendant with a license, consent, authorization, or any other authority to sell identical or similar goods using a confusingly similar trademark.

122. Defendant has committed the acts described above with knowledge of and intentto cause confusion or mistake or to deceive.

123. Defendant's aforesaid acts have caused and will continue to cause InShot and Astral to suffer damages and irreparable injury, and unless such acts are restrained by this Court through preliminary and/or permanent injunctive relief, such acts will be continued, and InShot and Astral will continue to suffer irreparable injury.

124. Since Defendant's acts have been committed with knowledge of and intent to cause confusion or mistake or to deceive, InShot and Astral may recover Defendant's profits, damages, and attorney fees under Virginia Code § 59.1-92.12.

**SEVENTH CLAIM FOR RELIEF**
**Trademark Infringement and Unfair Competition Under**
**Virginia Common Law by all Plaintiffs**

125. InShot and Astral repeat and reallege each and every allegation set forth in Paragraphs 1through 124 of this Complaint.

126. Plaintiffs own and/or have the right and authority to use and enforce Plaintiffs' Marks against potential infringers.

127. All of Plaintiffs' Marks have priority over Defendant's Mark.

128. Defendant's Mark is likely to cause consumer confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant's goods by or with Plaintiffs.

129. Defendant's actions constitute trademark infringement and unfair competition under Virginia common law.

130. Defendant's aforesaid acts have caused and will continue to cause Plaintiffs to suffer damages and irreparable injury, and unless such acts are restrained by this Court through preliminary and/or permanent injunctive relief, such acts will be continued, and Plaintiffs will continue to suffer irreparable injury.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiffs respectfully demand a trial by jury on all issues properly triable by a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in its favor on each and every claim for relief set forth above and award relief, including, but not limited to, the following:

A. For judgment in favor of Plaintiffs against Defendant on all claims.

B. An Order reversing and vacating the decision in *Simple Design Ltd. v. Cucufish Tech Co., Limited*, Opposition No. 91268332 and ordering that the application for Defendant's Mark be denied registration.

C. An Order declaring that Defendant's uses and/or registration of Defendant's Mark infringe Plaintiffs' Marks and constitute unfair competition under federal and/or state law, as detailed above.

D. That pursuant to 15 U.S.C. § 1116 and its inherent equitable powers, the Court issue a preliminary and permanent injunction restraining and enjoining Defendant and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

  1. From using, registering, or seeking to register Defendant's Mark, or other substantially and confusingly similar mark to Plaintiffs' Marks;

        2. From representing by any means whatsoever, directly or indirectly, that Defendant, any products or services offered by Defendant, or any activities undertaken byDefendant is/are associated or connected in any way with Plaintiffs or sponsored by or affiliated with Plaintiffs in any way; and

        3. From assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs D(1)-(2).

    E. An Order directing that, within thirty (30) days after the entry of the injunction, Defendant file with this Court and serve on Plaintiffs' counsel a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

    F. An Order requiring Defendant to account for and pay to Plaintiffs any and all profits arising from the foregoing acts, and increasing such profits, in accordance with 15 U.S.C. § 1117and other applicable laws.

    G. An Order requiring Defendant to pay Plaintiffs damages in an amount as yet undetermined caused by the foregoing acts, and trebling such damages in accordance with 15 U.S.C. § 1117 and other applicable laws.

    I. An Order that this case is exceptional and that Defendant be ordered to pay all of Plaintiffs' attorney fees associated with this action pursuant to 15 U.S.C. 1117(a).

    J. An Order requiring Defendant to pay Plaintiffs punitive damages for trademark infringement and unfair competition under Virginia common law.

    K. Other relief as the Court may deem appropriate.

Dated this 1st day of August 2023

By: /s/Dale Jensen
Dale R. Jensen (VSB 71109)
Dale Jensen, PLC
606 Bull Run
Staunton, VA  24401
(434) 249-3874
(866) 372-0348 facsimile
djensen@dalejensenlaw.com
Attorneys for Plaintiffs